UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIEBERTO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-116 |
| | § | |
| JOHN M. MCHUGH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

### Background

Plaintiff's case was scheduled for in initial pretrial conference on July 26, 2013, at 9:00 a.m. Plaintiff was aware of the setting; in fact he called the Clerk to say he had an employment opportunity and he could not attend the scheduled hearing. Plaintiff was not excused from attending the hearing. He failed to appear. An order to show cause was entered on July 26, 2013, for the Plaintiff to show cause why his lawsuit should not be dismissed for failure to appear and for failure to serve the defendant within 120 days (D.E. 7). A response to the show cause order was entered on August 19, 2013, but because the order was signed by someone other than the Plaintiff, it was struck (D.E. 9, 10). Nevertheless, in the response there was a request to re-schedule the hearing during the morning hours, and so a pretrial hearing was scheduled for September 4, 2013, at 8:30 a.m. (D.E. 11) Plaintiff failed to appear.

This is the *fourth* time Plaintiff failed to appear for a court hearing in connection with this matter. While Plaintiff's application for leave to proceed *in forma pauperis* was pending (2:12mc584), Plaintiff twice failed to appear for scheduled hearings. At the last hearing on his application for leave to proceed *in forma pauperis*, Plaintiff was told that it was his obligation to prepare the summons and complaint forms in compliance with Federal Rule of Civil Procedure 4 and to forward those forms to the United States Marshal. The order granting *in forma pauperis* status advised Plaintiff of his obligation as well (2:12mc584, D.E. 16). At the same hearing Plaintiff was advised he must serve the Defendant within 120 days of the filing of his civil action. Plaintiff was again advised of this responsibility in the Order to Show Cause (D.E. 7). Despite all this prompting, it does not appear that plaintiff has taken any action to prepare a summons form and forward it to the United States Marshal or to serve the United States in any manner, though this action has been pending for more than four months.

## Discussion

Rule 4(m) of the Federal Rules of Civil Procedure, provides as follows:

> (m) **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m). Rule 41(b) of the Federal Rules of Civil Procedure, also applicable to this action, provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here plaintiff failed to comply with the notice to attend the court hearing and failed to comply with the show cause order. He failed, even after being informed of the requirement of service, to take *any* steps to complete service on the United States. The court cannot move forward on the merits of the lawsuit unless the Plaintiff takes care of service. Plaintiff appears to have abandoned any interest in pursuing his complaint. If plaintiff will not appear or take any steps to serve his lawsuit, there are no lesser sanctions to secure compliance. Dismissal is the only sanction appropriate in this case.

Accordingly, it is respectfully recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution and for failure to serve the United States within 120 days. FED. R. CIV. P. 4(m); 41(b).

Respectfully submitted this 4th day of September, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).